STATE OF MINNESOTA

IN SUPREME COURT

A24-1001

Original Jurisdiction

Matthew Eric Zinda,

          Petitioner,

vs.

Steve Simon, Minnesota Secretary of State, and
Deborah Erickson, Crow Wing County Auditor,

          Respondents.

Per Curiam
Took no part, Gaïtas, J.

Filed: October 23, 2024
Office of Appellate Courts

———————————————

Matthew E. Zinda, Brainerd, Minnesota, pro se.

Keith Ellison, Attorney General, Nathan J. Hartshorn, Paul Dimick, Assistant Attorneys
General, Saint Paul, Minnesota, for respondent Steven Simon, Minnesota Secretary of
State.

Donald F. Ryan, Crow Wing County Attorney, Brainerd, Minnesota, for respondent
Deborah Erickson, Crow Wing County Auditor.

Rondell Reid LeBeau, II, Chalmers, Adams, Backer and Kaufman, LLC, Saint Paul,
Minnesota, for candidate Josh Heintzeman.

Troy Scheffler, Merrifield, Minnesota, pro se candidate.

———————————————

1

S Y L L A B U S

Petitioner has not shown that respondents committed an error when they accepted Josh Heintzeman's affidavit of candidacy—which listed his party as "Republican"—concluded he was seeking the nomination of the Republican Party of Minnesota, and placed his name on the 2024 primary election ballot as a Republican candidate for State Representative for Legislative District 6B.

Petition denied.

O P I N I O N

PER CURIAM.

This matter involves a petition that Matthew Eric Zinda filed under Minn. Stat. § 204B.44 (2022), asking us to direct respondents Steve Simon, Minnesota Secretary of State, and Deborah Erickson, Crow Wing County Auditor, to exclude Josh Heintzeman as a candidate for State Representative for Legislative District 6B on the 2024 primary and general election ballots. Heintzeman filed an affidavit of candidacy for this office, and his affidavit listed his political party as "Republican." One of the major political parties in Minnesota is the Republican Party of Minnesota. The petition claims that Heintzeman did not seek the nomination of a major political party in his affidavit of candidacy because he did not state his party was the "Republican Party of Minnesota," and as a result, respondents erred by placing his name on the 2024 primary ballot. The petition also alleges that Heintzeman cannot appear on the 2024 general election ballot as a candidate from a non-major political party because he did not file a nominating petition signed by a requisite number of voters.

2

We directed the parties to file responses and memoranda addressing petitioner's claims, and we permitted candidates for State Representative for Legislative District 6B to file responses.[1]  In an order filed on July 11, 2024, we denied the petition.  This opinion explains the reasons for our decision.

**FACTS**

Heintzeman filed a form affidavit of candidacy with the Crow Wing County Auditor on May 21, 2024, writing in that he was a "Republican" candidate in the 2024 election for "State Rep" in District "6B."  Election officials determined that Heintzeman was seeking the nomination of the Republican Party of Minnesota.  Zinda was the only other person to file an affidavit of candidacy seeking to run in the Republican Party primary for State Representative for Legislative District 6B.  Zinda listed his party as "Republican Party of Minnesota" on his affidavit of candidacy.  Both Heintzeman and Zinda were Republican Party candidates for State Representative for Legislative District 6B on the 2024 primary election ballot.[2]

---

[1]     Two candidates filed a response:  Heintzeman and Troy Scheffler, a candidate of the Americans First Party.

[2]     The 2024 primary election concluded on August 13, 2024, before we issued this opinion.  We note that Heintzeman won the Republican Party primary election for Legislative District 6B.  He will appear on the 2024 general election ballot as the Republican candidate for State Representative for Legislative District 6B.  *See* Minn. Stat. §§ 204D.05, subd. 1, 204D.10, subd. 1, 204D.12 (2022).

3

# ANALYSIS

## A.

To understand Zinda's claims, we begin with a brief discussion of the law addressing how candidates for the Minnesota House of Representatives appear on ballots. Any person seeking to be elected to the Minnesota House of Representatives must file an affidavit of candidacy with either the Office of the Secretary of State or the county auditor in the county where the person resides. Minn. Stat. §§ 204B.03 (requiring "[c]andidates of a major political party for any partisan office except presidential elector" and "[c]andidates for any partisan office who do not seek the nomination of a major political party" to file an affidavit of candidacy), 204B.09, subd. 1(d) (addressing where affidavits of candidacy for state office can be filed), 200.02, subd. 27 (2022) (defining "[p]artisan offices" to include "legislative offices"). The affidavit of candidacy must, among other things, "state the name of the candidate's political party or political principle, stated in three words or less." Minn. Stat. § 204B.06, subd. 1 (Supp. 2023).

The nominating process differs, depending on whether the candidate is seeking the nomination of a major political party.[3] *Compare* Minn. Stat. § 204B.03, *with* Minn. Stat. § 204B.09 (2022). Candidates for state representative from a major political party "shall be nominated by primary." Minn. Stat. § 204B.03. If a candidate has "properly filed an affidavit of candidacy," the county auditor places the candidate's name "on the appropriate state primary ballot." Minn. Stat. § 204D.07, subd. 1 (2022). The winner of the primary

---

[3]     There are currently two major political parties in Minnesota: the Republican Party of Minnesota and the Democratic-Farmer-Labor Party.

becomes that party's nominee, and they are placed on the general election ballot. Minn. Stat. §§ 204D.05, subd. 1, 204D.10, subd. 1, 204D.12 (2022).

Candidates for state representative "who do not seek the nomination of a major political party shall be nominated by nominating petition." Minn. Stat. § 204B.03. Along with their affidavit of candidacy, these candidates must file nominating petitions that have been signed by a requisite number of voters. Minn. Stat. §§ 204B.08, subd. 3 (2022), 204B.09, subd. 1. These candidates are then placed on the general election ballot without participating in the primary. Minn. Stat. §§ 204D.07, subd. 2 (2022), 204D.12.

B.

Turning then to Zinda's claims, the issue presented is whether respondents erred by including Heintzeman as a Republican Party candidate for State Representative for Legislative District 6B on the 2024 primary ballot.[4] *See* Minn. Stat. § 204B.44(a)(1) (authorizing a party to file a petition to correct certain election-related errors, including "an error . . . in the placement or printing of the name . . . of any candidate . . . on any official ballot"). Zinda has the burden to prove an error by an election official must be corrected. *Weiler v. Ritchie*, 788 N.W.2d 879, 882–83 (Minn. 2010).

---

[4]    The petition also alleges that Heintzeman cannot appear on the 2024 general election ballot as a candidate from a non-major political party because he did not file a nominating petition signed by a requisite number of voters. The petition, however, contains no factual allegations to support the conclusion that either respondent will place Heintzeman on the 2024 general election ballot as a candidate from a non-major political party. Instead, the undisputed facts indicate that respondents have treated Heintzeman as a candidate from a major political party. Zinda, therefore, has not proven any error with respect to the general election ballot.

Zinda argues that Heintzeman sought the nomination of some other party, and not the Republican Party of Minnesota, by stating on his affidavit of candidacy that "Republican" was his party. Zinda claims that the term Republican does not mean the Republican Party of Minnesota because other parties use the word "Republican" in their names. Zinda further argues that Minn. Stat. § 204B.06, subd. 1, unambiguously requires candidates for partisan offices to list the complete name of their party. Because Heintzeman's affidavit of candidacy did not list the complete name of a major political party, Zinda contends Heintzeman cannot appear on the 2024 primary ballot.

The Secretary of State, the Crow Wing County Auditor, and Heintzeman argue that election officials did not err by placing Heintzeman's name on the primary ballot as a candidate for State Representative for Legislative District 6B because Heintzeman filed a timely affidavit of candidacy that identified himself as a Republican Party candidate for that office. The language of section 204B.06, subd. 1, they contend, does not require candidates seeking the nomination of a major political party to list the party's official name on their affidavit of candidacy. The Secretary of State also notes that his office routinely concludes that candidates are seeking the nomination of a major political party when their affidavits of candidacy list "Republican" or "Democratic."

We conclude that Zinda has not proven that respondents committed an error when they placed Heintzeman's name on the 2024 primary ballot as a Republican Party candidate for State Representative for Legislative District 6B. Zinda's argument that Heintzeman sought the nomination of some other party with the word "Republican" in its name, and not the Republican Party of Minnesota, ignores applicable law regarding the use of parts

6

of a major political party's name on the ballot. And Zinda's claim that a candidate seeking the nomination of a major political party must list the full name of the party on their affidavit of candidacy is not a reasonable interpretation of the relevant statute.

We begin with Zinda's claim that Heintzeman was not seeking the nomination of the Republican Party of Minnesota but instead wanted the nomination of some other party with the word "Republican" in its name. Zinda claims "the term 'Republican' . . . is representative of any number of parties." Zinda's argument is based on the premise that multiple candidates affiliated with political parties with the word "Republican" in their names could appear on the ballot. But this premise is contrary to statutory provisions related to the use of all or part of the name of a major political party on the ballot.

Minnesota law precludes parties other than the Republican Party of Minnesota—as well as independent candidates—from using the word "Republican" on the ballot. A major political party has "the exclusive use of [its] name for the designation of its candidates on all ballots." Minn. Stat. § 202A.11, subd. 2 (2022). In addition, "no candidate of any other political party" can have "any part of that name" used on a "ballot as a party designation," *id.*, and "[n]o part of the name of a major political party [can] be used to designate the political party or principle" of a candidate who is nominated through a nominating petition, Minn. Stat. § 204B.07, subd. 1(c) (2022). These statutes reflect the Legislature's determination that the word "Republican" is the equivalent of the Republican Party of Minnesota for ballot-related issues. As a result, election officials did not err when they concluded that Heintzeman was seeking the nomination of the Republican Party of Minnesota when he filed his affidavit of candidacy.

7

Zinda further argues that Minn. Stat. § 204B.06, subd. 1, requires a candidate for a partisan office seeking the nomination of a major political party to use the complete name of a major political party on their affidavit of candidacy. Under this statute, a candidate for a partisan office must "state the name of the candidate's political party or political principle, stated in three words or less." *Id*. Zinda's interpretation is not supported by the language of the statute.

Because the statute requires a candidate to list their party's "name," we start with the common understanding of the word "name." *See* Minn. Stat. § 645.08(1) (2022) (stating that "[i]n construing the statutes of this state . . . words and phrases are construed . . . according to their common and approved usage"). The common meaning of "name" is a word or group of words by which a thing is known or referred to. *New Oxford American Dictionary*, 1163 (3d ed. 2010) (defining "name" as "a word or set of words by which a person, animal, place, or thing is known, addressed, or referred to"); *Webster's Third New International Dictionary*, 1501 (1961) (defining "name" as "a word or sound or a combination of words or sounds by which an individual or a class of individuals (as persons or things) is regularly known or designated"). While this definition would include full or official names, it would also encompass a portion of an official name if it was something by which the thing is regularly known.

Textual clues in the statute also support the conclusion that candidates are not required to list the official, complete name of a major political party on an affidavit of candidacy. *Depositors Ins. Co. v. Dollansky*, 919 N.W.2d 684, 687 (Minn. 2018) (stating that to determine the meaning of a statute, the court interprets the statute "as a whole, and

the words and sentences therein are to be understood in the light of their context" and that "[m]ultiple parts of a statute may be read together so as to ascertain" their meaning). The statute uses the word "name" without any qualifiers with respect to the name of a political party, but as to the candidate's own name, the statute expressly requires candidates to use "the candidate's true name or the name by which the candidate is commonly and generally known in the community." Minn. Stat. § 204B.06, subd. 1. Because the Legislature knows how to specify when an official name must be used on an affidavit of candidacy, this suggests that the Legislature chose not to require the use of the official name of a major political party when a candidate states the name of their party. *See General Mills, Inc. v. Comm'r of Revenue*, 931 N.W.2d 791, 800 (Minn. 2019) ("When the Legislature uses limiting or modifying language in one part of a statute, but omits it in another, we regard that omission as intentional and will not add those same words of limitation or modification to parts of the statute where they were not used."). For these reasons, Zinda's argument that a candidate must list the full name of a political party on their affidavit of candidacy is inconsistent with the language of section 204B.06, subdivision 1.

* * *

In summary, we conclude that Zinda has not shown that respondents committed an error when they accepted Heintzeman's affidavit of candidacy, concluded he was seeking the nomination of the Republican Party of Minnesota, and placed his name on the 2024 primary election ballot as a Republican candidate for State Representative for Legislative District 6B.

9

## CONCLUSION

For the foregoing reasons, we deny the petition.

Petition denied.


GAÏTAS, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.